UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-127-FDW

| GEORGE VICTOR STOKES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| K. JOHNSON, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On April 4, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff George Victor Stokes is a pre-trial detainee currently incarcerated in the Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this action on March 11, 2016, pursuant to 42 U.S.C. § 1983, naming the following three Defendants, all identified as jail employees: (1) K. Johnson, identified as an officer at the jail; (2) M. Plummer, identified as the commander of security at the jail; and (3) F. McAdon, identified as the chief for security at the jail. Plaintiff alleges that Defendants retaliated against him for filing grievances while at the jail. Specifically, Plaintiff alleges the following facts:

> After filing several grievances against supervisory officials, defendant
> Johnson told plaintiff that "since you like filing grievances against my boss I'm

1

going to teach you a lesson, and make sure you're kept in lock-up for a long, long time." Defendant Johnson then wrote a misbehavior report falsely accusing that plaintiff had threatened supervisory officials. On January 16, 2015, plaintiff was found guilty of alleged threatening behavior at a disciplinary hearing. Plaintiff was given twenty-five days in disciplinary segregation (DDU) with loss of property and several privileges as a result of Johnson's writing of the false misbehavior report. Plaintiff's Fourteenth Amendment equal protection right to petition as guaranteed by the First Amendment were violated by Johnson's writing of this false misbehavior report. Defendant Johnson is part of the dart team (security threat team). Defendant Johnson and other jail officials have repeatedly engaged in retaliatory conduct against inmates in the past. Defendants Plummer and McAdon [unintelligible] retaliatory conduct of defendant Johnson and [unintelligible] a number of complaints and grievances over many months, but has failed to take disciplinary action against them or otherwise to control their behavior. Pursuant to jail procedure, the plaintiff filed an administrative grievance with Defendants Plummer, pointing out that he was retaliated against for utilizing the jail grievance system. Defendants Plummer and McAdon denied plaintiff's grievance by allowing the retaliatory conduct and punishment to stand against the plaintiff.

(Doc. No. 1 at 3-4). Based on the above factual allegations, Plaintiff purports to bring a First Amendment retaliation claim against Defendants. (Id. at 5). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 5-6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To succeed on his First Amendment retaliation claim, Plaintiff must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Although the Fourth Circuit has not issued a published opinion on the question of whether the filing of a grievance by a prisoner implicates the First Amendment, other circuits have held that prison officials may not retaliate against a prisoner for filing grievances.[1] See e.g., Hill v. Lapin, 630 F.3d 468, 472 (6th Cir. 2010) (recognizing a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf"); Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010) (recognizing filing of grievance as a protected First Amendment right); Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009) ("The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity."); Bibbs v. Early, 541 F.3d 267, 272 (5th Cir. 2008) (holding plaintiff stated a cognizable claim where prison officials allegedly subjected him to sub-freezing temperatures for four consecutive nights in retaliation for filing grievances); Boxer X v. Harris,

---

[1] In an unpublished opinion, a three-judge panel of the Fourth Circuit recognized that a prisoner's claim that he was transferred in retaliation for his numerous grievances implicated the First Amendment rights of free speech and to seek redress of grievances. Gullet v. Wilt, 869 F.2d 593, 1989 WL 14614, at *2 (4th Cir. 1989).

437 F.3d 1107, 1112 (11th Cir. 2006) ("First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment."); Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (holding plaintiff stated a claim where he alleged prison officials destroyed property, threatened transfer, and assaulted him in retaliation for filing grievance and lawsuit); Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004) (holding plaintiff stated a claim where prison officials allegedly issued false misbehavior reports and sentenced him to three weeks in keeplock in retaliation for using grievance system).

To state a First Amendment § 1983 retaliation claim, a plaintiff must establish three elements: (1) the plaintiff's right to speak was protected; (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship existed between the plaintiff's speech and the defendant's retaliatory action. Suarez Corp. v. McGraw, 202 F.3d 676, 685-86 (4th Cir. 2000) (citations omitted). As to the first element, the Court will assume that Plaintiff's use of the grievance process was protected under the First Amendment. Turning to the second element, "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir.2005) (internal quotation marks and citations omitted). The Court finds that Plaintiff meets the second element. Finally, on initial review, the Court also finds that Plaintiff has sufficiently alleged the third element—that a causal relationship existed between Plaintiff's filing of grievances and the disciplinary actions taken against him. Thus, the Court finds that this action survives initial review as it is not clearly frivolous.

4

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Frank D. Whitney
Chief United States District Judge